IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RONALD JACKSON,

                  Plaintiff,                          OPINION AND ORDER

    v.

                                                                          24-cv-812-wmc

JUDY LUDWIG, Health Services Unit Supervisor,
TRACY THOMPSON, Health Services Unit Provider,

                  Defendants.

On August 21, 2025, plaintiff filed a motion for appointment of counsel. (Dkt. #7). In his motion, plaintiff indicated that he has been the subject of abuse at Oshkosh Correctional Institution and provided a list of attorneys and law firms he has contacted regarding representation in this case. In response, the court ordered that the Wisconsin Department of Justice file a short report on plaintiff's health and safety. (Dkt. #8). On September 19, 2025, the Department reported that plaintiff: is in restrictive housing because he refuses to leave to return to general population, demanding to be transferred instead; cannot have access to a continuous glucose monitor unless one is ordered by an advanced care provider; is to have his blood sugar levels checked by medical staff four times a day, although cannot be visited in his restrictive housing cell by medical staff unless he is restrained; cannot control that he becomes combative when his blood sugar is low; has suffered his reported injuries as a result of the necessity of having to restrain him; is scheduled to see his advanced care provider in a few weeks; and cannot be transferred because of a medical hold. (Dkt. #15).

**Plaintiff may have until Monday, October 6, 2025, to respond to defendant's report regarding his health and safety,** at which point the court will determine whether a hearing is necessary. Additionally, the Department shall promptly update the court on plaintiff's status following his meeting with an advanced care provider.

However, plaintiff's motion for appointment of counsel must be DENIED without prejudice as premature, because it is too early to tell whether this case is one of the relatively few in which it is necessary to recruit counsel. Federal civil litigation is generally challenging for most self-represented parties, and their limited knowledge of the law is a common predicament. However, this case is in its earliest stage, discovery has not even begun and there are no legal tasks for him to complete right now. Moreover, plaintiff will have an opportunity to learn how to litigate his lawsuit as an unpresented party, including how to use the discovery process to obtain evidence in support of his claims, at this case's preliminary pretrial conference to be noticed in a separate order. Because this motion is denied without prejudice, plaintiff may renew his motion after discovery begins if his circumstances change or he continues to believe that he is unable to litigate the lawsuit himself. If he renews his motion, he will need to explain what specific litigation tasks he is unable to accomplish without an attorney and why

Also in response to the court's order, the Department filed a notice of appearance on behalf of defendants (dkt. #9), later filing a motion for extension of time to file their answer (dkt. #11) and their answer (dkt. #14). Because defendants' delay appears to have been inadvertent, only resulted in a short delay, and defendants acted promptly in correcting their error, the court finds good cause for defendants' failure to act, as well as excusable neglect. Accordingly, defendants' motion for an extension of time is GRANTED.

Entered this 22nd day of September, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge